```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VIRGINIA NORMAN, and on behalf of all other    :
persons similarly situated,                    :
                                               :
                              Plaintiff,       :      1:17-cv-8681-GHW
                                               :
               -against-                       :      ORDER
                                               :
SAFAVIEH INC., and SAFAVIEH CARPETS,            :
INC.,                                          :
                                               :
                              Defendants.      :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/08/2018

GREGORY H. WOODS, District Judge:

Plaintiff Virginia Norman filed this action on November 8, 2018. Dkt. No. 1. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 455 (E.D.N.Y. 2015) ("[C]ourts in this circuit have generally interpreted Rule 4(m) to require plaintiffs to [file proof of service] within the . . . [90]–day period."). Plaintiff did not file proof of service on the docket in the 90-day period.

On February 7, 2017, the Court directed Plaintiff, no later than February 15, 2018, to either file proof of service on the docket or show cause why the complaint should not be dismissed for failure to serve process within the time allowed by Rule 4(m). Dkt. No. 11. On February 8, 2018, Plaintiff filed a letter to the Court requesting an extension of time within which to serve Defendants, Dkt. No. 12, but neither provided any reason for her failure to serve process nor filed proof of service.

While Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period," Fed. R. Civ. P. 4(m), "[g]ood cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (citation omitted). Where Plaintiff does not give any reason why her failure to serve should be excused for good cause, dismissal is appropriate. *See, e.g.*, *Astarita v. Urgo Butts & Co.*, 96-cv-6991-PKL, 1997 WL 317028, at *4 (S.D.N.Y. June 10, 1997) (dismissing complaint where "Plaintiff ha[d] not argued or shown that her failure to serve should be overlooked for 'good cause' or should be deemed to result from excusable neglect."); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun*, 93-cv-7170-LAP, 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994) (dismissing complaint where plaintiff "ma[de] no attempt to establish 'good cause' or 'excusable neglect' for its failure to serve. . . .").

Here, Plaintiff has not only neglected to show good cause, she has neglected to provide any reason at all for her failure to serve.

Accordingly, this case is dismissed without prejudice.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 12 and close this case.

Dated: February 8, 2018  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge